## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**PEDRO RIVERA,**

    **Plaintiff,**

        **v.**                                              **CIVIL NO. 17-1194 (PAD)**

**PRERAC, INC., <u>et al.</u>**

    **Defendants.**

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

This is a damages action under Puerto Rico's general tort statute, P.R. Laws Ann. tit. 31 § 5141, arising from a car accident involving a vehicle that plaintiff rented from Enterprise Rent-A-Car (Docket No. 1)("PRERAC"). PRERAC moved to dismiss under Rule 12(b)(6) of the Federal Rules for Civil Procedure (Docket No. 9). Plaintiff opposed (Docket No. 16) and PRERAC replied (Docket No. 19).[1] For the reasons explained below, the motion is GRANTED IN PART and DENIED IN PART.

### A.

To survive a Rule 12(b)(6) motion, a complaint must allege a plausible entitlement to relief. <u>Rodríguez-Vives</u> v. <u>Puerto Rico Firefighters Corps.</u>, 743 F.3d 278, 283 (1st Cir. 2014); <u>Rodríguez-Reyes</u> v. <u>Molina-Rodríguez</u>, 711 F.3d 49, 53 (1st Cir. 2013); <u>Rodríguez-Ortiz</u> v. <u>Margo Caribe</u>, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true)

---

[1] On April 11, 2017, PRERAC filed the dismissal motion (Docket No. 9). On November 22, 2017, it renewed its request to dismiss, additionally invoking lack of prosecution as ground for dismissal (Docket No. 21). On December 6, 2017, the case was transferred to the undersigned (Docket No. 22).

from conclusory allegations (which need not be credited).  García-Catalán v. United States, 734

F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir.2012).

Even though detailed factual allegations are not required, more than labels and conclusions are

needed.  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged – but has not shown – that the pleader is entitled to relief.  Ashcroft v. Iqbal,

556 U.S. 663, 678 (2009).

## B.

PRERAC challenges the sufficiency of the allegations to sustain a plausible claim.[2]

Basically, it argues that: (1) it is company engaged in the rental of motor vehicles; (2) under the

"Graves Amendment," 49 U.S.C. § 30106, included in the Safe, Accountability, Flexible, Efficient

Transportation Equity Act: A Legacy for Use ("SAFETEA-LU"), Pub. L. No. 109-59, 119 Stat.

1144, it is not liable for damages or injuries resulting from the use, operation or possession of those

vehicles in absence of negligence; and (3) the complaint only includes a mechanistic recital of the

elements of a claim but fails to plead facts that could show a plausible entitlement to relief (Docket

No. 9 at pp. 5-9).

The Graves Amendment preempts all state vicarious liability schemes that impose liability

on lessors of motor vehicles where the vehicle is involved in an accident through no fault of the

---

[2] With its motion, PRERAC submitted two exhibits: an Unsworn Statement Under Penalty of Perjury by PRERAC's Risk Supervisor and a "Technical Bulletin" issued by Nissan dated July 15, 2016, in an attempt to prove that it was never made aware by the seller or the manufacturer that the airbags and seatbelts were defective or that the car had safety issues that needed to be addressed.  But unless the motion to dismiss is converted into one for summary judgment –and it will not be so converted here- a hard look at the record requires the court to disregard the documents because they were not attached to the complaint or expressly incorporated therein.  See, Foley v. Wells Fargo Bank, NA, 772 F.3d 63, 74 (1st Cir. 2014) (in deciding a motion to dismiss, a court may "[o]rdinarily ... not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment); Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 716-717 (1st Cir. 2014) (a primary focus of a motion to dismiss is on the complaint, not on materials outside the pleadings).

lessor. Id. at pp. 6-9. It excludes lessor liability if there is no negligence on the owner's part. 49 U.S.C. § 30106(a)(2).[3] As such, it has been described as a "savings clause." Carton v. General Motors Acceptance Corp., 611 F.3d 451, 457 (8th Cir. 2010).

With that in mind, courts that have examined the clause have expressed concern that "plaintiffs can defeat the spirit of Section 30106 on a motion to dismiss by merely alleging that the leasing company was negligent in maintaining the vehicle." Colón v. Bernabe, 2007 WL 2068093, *5 (S.D.N.Y. July 19, 2007). So they have held the clause ". . . should be cautiously applied in light of Congress' clear intent to forestall suits against vehicle leasing companies." Carton, 611 F.3d at 457 (citing Dubose v. Transport Enterprising Leasing, LLC, 2009 WL 210724, at *4 (M.D.Fla. January 27, 2009)). Absent a controlling First Circuit precedent on this matter, the court is persuaded by this reasoning.

The only allegations against PRERAC are included in paragraphs 29-31 of the complaint (Docket No. 1). Nevertheless, those allegations are wholly conclusory and only parrot the relevant tort legal standard by claiming that PRERAC rented the vehicle to plaintiff despite allegedly having knowledge that it had defective airbags, restraining systems, and safety issues that needed to be addressed. Id. at ¶¶ 29-31.[4] They lack sufficient factual content to plausibly narrate a claim for relief in light of Congress' clear intent to forestall suits against vehicle leasing companies. To hold otherwise would render the entire statute illusory.

---

[3] Section 30106 (a) provides that "[a]n owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner). Congress concluded that vicarious liability laws could adversely affect motor vehicle leasing market. This protection is also recognized in the Puerto Rico Vehicle and Traffic Law, P.R. Laws Ann. tit. 9 § 5621.

[4] Ironically, paragraph 34 of the Complaint avers that co-defendant Motorambar, failed to inform Enterprise of the safety issues presented and/or failed to act in a timely manner (Docket No. 1 at ¶ 34).

C.

For the reasons stated, dismissal is appropriate.  Because the case is in its early stages, however, the court will allow plaintiff to file an amended complaint not later than January 18, 2018.  To the extent PRERAC's motion seeks dismissal of the complaint with prejudice at this point, the motion is GRANTED IN PART and DENIED IN PART.

**SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of December, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE